UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVIS COPELIN,<br><br>    Plaintiff,<br><br>  v.<br><br>CHARLES SCHWAB & CO, INC., et al.,<br><br>    Defendants. | Case No. 2:25-cv-00855-SRM-AJR<br><br>**ORDER TO SHOW CAUSE AS TO WHY COMPLAINT SHOULD NOT BE DISMISSED [1]** |

  This matter is before the Court *sua sponte* upon Plaintiff Avis Copelin's *pro se* Complaint and Request for Injunction filed as the Agent for Terry Gordon against Defendants Charles Schwab & Co, Inc., The Charles Schwab Corporation, and Does 1-10 ("Defendants") (Dkt. 1).

  Ms. Copelin's Complaint contains many problematic matters, including: (1) Ms. Copelin has been directed by this Court in case number 2:25-cv-833-SRM-PD as to her lack of standing in bringing an action on behalf of Mr. Gordon; and (2) it appears the body of the Complaint is directed toward the Defendant Allianz Life Insurance Company, the Defendant in the other case before this Court (Dkt. 1 at 2-8). Beyond the caption, the Complaint does not make any claims or allegations against the named Defendants in this case. *Id.*

Foremost, a party "who seek[s] to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (citations omitted). It is the plaintiff who has the burden to establish standing to bring such claims. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). Based on what is before the Court, Ms. Copelin has not established standing.

To support Article III standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted). "[T]he minimum requirement for an injury-in-fact is that the plaintiff have legal title to, or a proprietary interest in, the claim." *See, e.g.*, *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 108 (2d Cir. 2008) (citing *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 287-89 (2008)). "[A] mere power-of-attorney . . . does not confer standing to sue in the holder's own right because a power-of-attorney does not transfer an ownership interest in the claim." *Id.* As alleged, such standing remains lacking (Dkt. 1).

Even had standing been met here, the Complaint still suffers deficiencies. While courts are to liberally construe *pro se* pleadings, the allegations of the complaint must still include "a short and plain statement of the claim" that will "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). Accordingly, the Court **ORDERS** as follows:

1. The Plaintiff, whether Avis Copelin or Terry Gordon, shall **show cause** why the Complaint should not be dismissed without prejudice because Ms. Copelin lacks standing, or alternatively, because Ms. Copelin has no authority to appear *pro se* on behalf of another individual by filing the following by written response **on or before July 2, 2025**:

(a) a notice of association of counsel identifying the attorney(s) who will represent Mr. Gordon (and/or Ms. Copelin), or information about Ms. Copelin's admission to the Bar of this Court; (b) an amended complaint alleging facts about Ms. Copelin's standing to bring this lawsuit against the properly named Defendants; or (c) a written response addressing the issues identified in this Order.

2. Plaintiff's failure to file a timely response may result in dismissal without prejudice without further notice.

**IT IS SO ORDERED.**

Dated: June 18, 2025

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE